**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIAM D. COLBERT,

    Plaintiff,

v.   No. 21-cv-0786 MIS/JHR

UNITED STATES, *et al*,

    Defendants.

### ORDER OF DISMISSAL

This matter is before the Court following Plaintiff William Colbert's failure to prosecute his *pro se* Prisoner Civil Complaint (Doc. 1). The Complaint alleges the United States and its agencies refused to "oust" certain elected officials from office. *See* Doc. 1. By an Order entered August 24, 2021, the Court directed Plaintiff to prepay the $402 civil fee or file a motion to proceed *in forma pauperis*. *See* Doc. 3. The Order also counseled that any *in forma pauperis* motion must attach an inmate account statement reflecting transactions for the six-month period preceding this action (*i.e.,* February 19, 2021 to August 19, 2021). *Id*. Courts use the inmate account statement to calculate and assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (initial fee equals 20% of the greater of inmate-plaintiff's "average monthly deposits" and "average monthly balance" over a six-month period); *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) ("1915(b)(1) calls for assessment of 'an initial partial filing fee' each time a prisoner 'brings a civil action'") (quotations omitted).

Plaintiff filed an *in forma pauperis* motion without the attached account statement. *See* Doc. 4. The Court entered a second Order directing Plaintiff to file the account statement by October 22, 2021. *See* Doc. 5. Both orders warned that the failure to

timely comply with the *in forma pauperis* statute will result in dismissal of this action. Plaintiff did not submit an account statement or otherwise respond to the second Order. Accordingly, the Court will dismiss the Civil Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  *See also Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing action … based upon [plaintiff's] failure to … submit his … six-month account statement").  The dismissal is without prejudice, and it "does not count as a strike under [28 U.S.C.] § 1915(g)."  *Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals under Rule 41(b) from screening dismissals for failure to state a claim).  The Court will also deny as moot Plaintiff's pending Motion to Proceed *In Forma Pauperis* (Doc. 4).

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 4**) is **DENIED as moot**.

**IT IS FURTHER ORDERED** Plaintiff's Civil Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE